Petitions for a re-hearing of this cause, were presented by both parties — considered by the Court, and overruled; when the following remarks were read by
Judge Ewing:
In this case, both parties have petitioned for a rehearing. Talbott contends that the whole of the rents should have been allowed him, upon the principle, that Todd had based his original bill against him, for the improvements, upon the alleged ground that the possession of the improvements were .yielded up to Talbott, immediately, or in a short time after, the recovery of the land from Buchannon. This charge in Todd’s bill was a general one, and was susceptible of being fixed at no precise period after the recovery of possession from Buchannon. It does not necessarily exclude the idea, that a time may have intervened, before Talbott took the possession under the agreement, in which rents may have accrued, while the parties held the land as tenants in common.
Besides, we cannot predicate Talbott’s right to the rents upon the ground that injustice has been done him upon other points in that decree, but upon the proof now exhibited before us, in relation to the rents. That decree being permitted to stand, upon the ground that no good *206 cause has been shown to set it aside in toto, must be conclusive, as to all the points then put in issue.
But it is insisted on by Todd, that the injunction in this case, having been dissolved on motion, as to the whole decree, and reinstated, by two of the judges of this Court, as to the rents only, that he was thrown off his guard, by relying upon the conclusiveness of the decree as to all other matters, and hence he failed in his answer to respond more specifically, to the various other matters set up in Talbott’s bill; and, resting on the same ground, he failed to attend to the cross examination of Talbott’s witnesses, or to take other proof to counteract the force of their evidence. And that he should have been deemed by this Court, as receiving and retaining the rents decreed to Talbott as a part extinguishment of his portion of the rents set off against Buchannon’s claim for improvements, and in this way have been relieved from the imputation of fraud in the concealment of those rents from Talbott. These views have their weight, in relieving him from intentional fraud.
He may have received and intended to apply them to a part extinguishment of his claim for the rents before set off against Buchannon’s improvements, or for a part of the improvements paid for by him, and from the lapse of time have wholly forgotten them ,when he filed his bill, and we are willing to believe, from the unimpeachable reputation which he has heretofore sustained, and the facts presented in his petition, (though some of them are out of the record,) that he may have been guilty of no intentional fraud, in the suppression of those rents.
But whether he was or was not, Talbott was ignorant of their existence, and they were not, and could not have been set up, in the former suit, by him. He, therefore, upon the discovery of this new matter, not before litigated, had a right to ask them to be set off against so much of the former decree.
And, as Todd’s claim for his portion of the rents set off against Buchannon’s improvements, was litigated and settled against him, in the former suit, without regard to the rents now claimed by Talbott, and he does not ask that decree to be set aside, and we have not *207 deemed it proper to set it aside, at the instance of Talbott, while that decree stands, Todd’s claim for rents then litigated, is concluded, and cannot be relied on by him as an offsett against Talbott’s claim for rents, now for the first time presented and determined on by the Court.
Both petitions for a rehearing are, therefore, overruled.